1   Muriel B. Kaplan, Esq. (SBN 124607)
    Michele R. Stafford, Esq. (SBN 172509)
2   SALTZMAN & JOHNSON LAW CORPORATION
    120 Howard Street, Suite 520
3   San Francisco, CA 94105
    (415) 882-7900
4   (415) 882-9287 – Facsimile
    mkaplan@sjlawcorp.com
5   mstafford@sjlawcorp.com

6   Attorneys for Plaintiffs

7

8
                    UNITED STATES DISTRICT COURT                **BZ**
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                    **CV 08        0034**

11
    GIL CROSTHWAITE, RUSS BURNS, in their      Case No.:
12  respective capacities as Trustees of the
    OPERATING ENGNEERS HEALTH AND              **COMPLAINT**
13  WELFARE TRUST FUND FOR NORTHERN
    CALIFORNIA; PENSION TRUST FUND
14  FOR OPERATING ENGINEERS;
    PENSIONED OPERATING ENGINEERS
15  HEALTH AND WELFARE FUND;
    OPERATING ENGINEERS AND
16  PARTICIPATING EMPLOYERS PRE-
    APPRENTICESHIP, APPRENTICE AND
17  JOURNEYMEN AFFIRMATIVE ACTION
    TRAINING FUND; OPERATING
18  ENGINEERS VACATION AND HOLIDAY
    PLAN; OPERATING ENGINEERS
19  CONTRACT ADMINISTRATION TRUST
    FUND; OPERATING ENGINEERS MARKET
20  PRESERVATION TRUST FUND;
    OPERATING ENGINEERS INDUSTRY
21  STABILIZATION TRUST FUND; BUSINESS
    DEVELOPMENT TRUST FUND; AND
22  HEAVY AND HIGHWAY COMMITTEE,

23      Plaintiffs,

24  v.

25  TERRENCE WAYNE WIMMER, individually
    and dba WIMMER EXCAVATING aka
26  WIMMER GENERAL ENGINEERING aka
    WIMMER, INC.,
27
        Defendants.
28
                                                               -1-
                                                         **COMPLAINT**
                                                         **Case No.:**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Complaint 010208\Complaint 010208.DOC

Parties

1.    The Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship; Apprentice and Journeyman Affirmative Action Training Fund; and Operating Engineers Vacation and Holiday Plan are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Gil Crosthwaite and Russ Burns are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2.    Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3.    TERRENCE WAYNE WIMMER individually and doing business as WIMMER EXCAVATING aka WIMMER GENERAL ENGINEERING aka WIMMER, INC. is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). He and those entities are referred to herein as "Defendants".

Jurisdiction

4.    Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

**-2-**
**COMPLAINT**
**Case No.:**

1  5.  Jurisdiction exists in this Court over all the claims by virtue of Labor Management

2  Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms

3  and conditions of a collective bargaining agreement between the employer and a labor

4  organization.

5

6  6.  To the extent jurisdiction over any claim does not exist under ERISA or the

7  LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §

8  1367 in that they arise out of a common nucleus of operative facts that form the basis of the

9  federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

10  Venue

11  7.  Venue exists in this Court with respect to the claims under ERISA § 502 because

12  all of the plans of the ERISA Plaintiffs are administered within this district and the breach took

13  place in this district.

14

15  8.  Venue exists in this Court with respect to the claims under LMRA §301(a) because

16  this Court has jurisdiction over the parties, as the Union maintains its principal place of business in

17  this district, its duly authorized officers or agents are engaged in representing employee members

18  in this district, and the claims arise in this district.

19  Intradistrict Assignment

20  9.  The basis for assignment of this action to this court's Oakland Division is that all of

21  the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda,

22  where the ERISA Plaintiff funds and union dues, were administered during the period claimed

23

24  herein, and where defendants therefore failed to fulfill their statutory and contractual obligations to

25  the plaintiffs.

26  ///

27  ///

28  -3-
COMPLAINT
Case No.:

<u>Bargaining Agreement</u>

10.   The Union and defendants entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to other Trust Funds more fully described in the Master Agreement incorporated into the Independent Northern California Construction Agreement to which defendant is signatory.  That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreement.

11.   The Operating Engineers Market Preservation Fund, Operating Engineers Industry Stabilization Trust Fund, Business Development Trust Fund, and Heavy and Highway Committee, together referred to herein as "Trust Funds," are funds for which plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement.

12.   Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are (1) required to submit monthly reports of hours worked by its employees, and (2) to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendants (3) agreed to pay liquidated damages for each delinquent payment, which become part of the contributions. Defendants further agreed (4) to pay interest on the combined contributions and liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreement.

///

-4-<br><b>COMPLAINT</b><br><b>Case No.:</b>

1    Under the terms of the Bargaining Agreement to which he is signatory, (5) defendant

2    Terrance Wimmer is individually liable for any corporate obligation for payment to plaintiff Trust

3    Funds. Included therein is the obligation to provide certain records for review by plaintiffs'

4    representatives, and to (6) pay any amounts found due on audit.

5

6                                                Facts

7    13.    Defendants failed to pay contributions reported by them as owing to the plaintiffs

8    under the Bargaining Agreement for work performed during the months of June 2007, and

9    September through November 2007. Liquidated damages and interest have been incurred and are

10   owing for the unpaid contributions owed for this period.

11   14.    Demand was made on defendants on behalf of plaintiffs, for payment of all

12   delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the

13   Union, and the Trust Funds. Defendant has failed and refused to make payment of any amounts

14   due claimed herein, as required by the Bargaining Agreement.

15

16   15.    In addition, plaintiffs have requested or will request that defendants schedule an

17   audit by plaintiffs' representatives, and provide records for examination pursuant to the terms of

18   the Collective Bargaining Agreements and the governing documents of the ERISA Plaintiffs, for

19   the period January 1, 2004 through the date of the audit.

20

21   16.    Defendants have a statutory duty to make the required payments timely to the

22   ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely

23   payments has violated the law.

24   17.    Defendants have a contractual duty under the Bargaining Agreement to comply

25   with plaintiffs' audit, pay amounts due, and to timely make the required contributions, liquidated

26   damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required

27

28                                                                              -5-
                                                                           COMPLAINT
                                                                           Case No.:

1  payment of union dues to the Union. By failing to make such timely payments as required,
2  defendants have breached said duty.

3      18.    Defendants' failure and refusal to timely submit the aforesaid payments, as alleged
4  herein, was at all times, and still is, willful. Said refusal is unjustified and done with malicious
5
6  intent. Defendants' failure to timely make such payments in compliance with the Bargaining
7  Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the
8  Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and
9  thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendants' obligations
10  pursuant to the Bargaining Agreement are continuing obligations; defendants continue to breach
11  said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the
12  Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that
13
14  defendants will continue to willfully refuse to make said payments unless ordered by this Court to
15  comply.

16      19.    Plaintiffs are without an adequate remedy at law and will suffer continuing and
17  irreparable injury, loss and damage unless defendants are ordered specifically to perform all
18  obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381,
19  the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of
20  the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as
21  required thereunder.
22

23      20.    This Court is authorized to issue injunctive relief based on traditional standard. As
24  set forth above, plaintiffs have a strong likelihood of success on the merits, there is the possibility
25  that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of
26  hardships and advancement of public interest favor plaintiffs.
27  ///

28                                                      -6-
                                              COMPLAINT
                                              Case No.:

1    Prayer

2    WHEREFORE, Plaintiffs pray as follows:

3    1.    For a judgment against defendants as follows:

4    a.    For unpaid contributions for hours worked as specified above and thereafter
5    through judgment;
6

7    (1)    To the ERISA Plaintiffs, in accordance with ERISA Section
8    502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

9    (2)    To the Union in accordance with the Bargaining Agreement.

10    b.    Liquidated damages on late paid and unpaid contributions in an amount
11    provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and
12    with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section
13    1132(g)(2)(c).
14

15    c.    Interest on late paid and unpaid contributions, dues and liquidated damages
16    which become a part of the contributions, at the rates set in accordance with the Bargaining
17    Agreement, the governing documents of the ERISA Plaintiffs and the ERISA Section
18    502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

19    2.    For an order requiring defendants to provide certain records and to submit to an
20    audit of such records by a date certain for the period January 1, 2004 through date of audit.
21

22    3.    For any additional contributions and dues payable to plaintiffs and the Trust Funds
23    as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and
24    liquidated damages as above provided and in accordance with the Bargaining Agreement, the
25    governing documents of the Plaintiff Funds, and with respect to the ERISA Plaintiffs, ERISA
26    Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

27    ///

28    -7-
COMPLAINT
Case No.:

1    4.    ERISA Plaintiffs' reasonable attorneys' fees and costs of this action and for

2    auditors' costs, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and

3    (E); and in accordance with the collective bargaining agreement for all Bargained Plans, and with

4    LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

5
6    5.    For an order,

7    (a)    requiring that defendants comply with their obligations to plaintiffs under

8    the terms of the Bargaining Agreement and the governing documents referred to therein;

9    (b)    enjoining defendants from violating the terms of those documents and of

10    ERISA; and

11    (c)    enjoining defendants from disposing of any assets until said terms have

12    been complied with, and from continuation or operating of defendants' business until said terms

13    have been complied with.

14

15    6.    That the Court retain jurisdiction of this case pending compliance with its orders.

16    7.    For such other and further relief as the Court may deem just and proper.

17

18    Dated: January 2, 2008                    SALTZMAN & JOHNSON LAW CORPORATION

19

20                                        By:_____

21                                            Muriel B. Kaplan
                                            Attorneys for Plaintiffs
22

23

24

25

26

27

28                                                        -8-
                                                    **COMPLAINT**
                                                    Case No.: