Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TERRENCE WAYNE WIMMER, individually and dba WIMMER EXCAVATING aka WIMMER GENERAL ENGINEERING aka WIMMER, INC.<br><br>    Defendants. | Case No.: C08-0034 MMC<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    September 24, 2008<br>Time:    2:30 p.m.<br>Location:    450 Golden Gate Avenue<br>             San Francisco, CA 94102<br>Ctrm:    7, 19th Floor<br>Judge:    The Honorable Maxine M. Chesney |

TO TERRENCE WAYNE WIMMER, individually and dba WIMMER EXCAVATING aka WIMMER GENERAL ENGINEERING aka WIMMER, INC. (hereinafter collectively "Defendants"):

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court shall conduct a hearing on the application of the plaintiffs for the entry of default judgment in this matter. Said hearing shall be conducted on September 24, 2008, at 2:30 p.m., or as soon thereafter as counsel may be heard, before the Honorable Maxine M. Chesney, in Courtroom 7, 19th Floor, Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California. Court

1
**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT
CASE NO.: C08-0034 MMC**

information from the United States District Court, Northern District of California website regarding the location of the Courthouse is attached hereto as *Exhibit A*.

## POINTS AND AUTHORITIES

### I. STATEMENT OF RELIEF SOUGHT.

Plaintiffs seek entry of a judgment by default ordering defendants to make payment of employee benefit contributions due and unpaid by defendants as follows:

- For the remaining amounts due (after partial payment) for hours worked by defendant's employees for the months of October, 2007, November, 2007, December, 2007 and April, 2008, and for the entire month of May, 2008 as well as liquidated damages and interest thereon;

- For hours worked by their employees as found due on an audit for the years 2004 – 2007, the liquidated damages and interest incurred thereon and auditors' fees and costs, and;

- For all attorneys fees and costs incurred in this action.

Pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements, defendants are indebted to the Trust Funds for the following amounts:

//
//
//
//
//
//
//
//
//
//
//
//
//

2

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT
CASE NO.: C08-0034 MMC

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Notice of Motion Default Judgment 081808.doc

| **Contributions** | | |
|---|---|---|
| October 2007 remainder due | $9,352.27 | |
| November 2007 remainder due | $29,431.02 | |
| December 2007 remainder due | $16,720.96 | |
| April 2008 remainder due | $14,683.99 | |
| May 2008 contributions | $20,379.16 | |
| | | $90,567.40 |
| 15% **Liquidated damages** on late paid, underpaid and unpaid contributions | | $44,677.28 |
| 12% **Interest** on late paid, underpaid and unpaid contributions | | $9,619.71 |
| **TOTAL (DELINQUENT CONTRIBUTIONS)** | | **$144,864.39** |
| Contributions found due on audit | $76,594.64 | |
| 15% Liquidated damages on contributions found due on audit | $13,181.79 | |
| 12% Interest on contributions found due on audit | $12,775.27 | |
| Audit Fees and Costs | $7,221.18 | |
| **TOTAL (AUDIT)** | | **$109,772.88** |
| Attorneys Fees (through 8/18/08) | | **$9,064.00** |
| Costs | | **$838.73** |
| **TOTAL** | | **$264,540.00[1]** plus 12% p/a interest |

## II. ARGUMENT.

### A. BACKGROUND.

As the Court's file will reflect, plaintiffs filed this action on January 3, 2008. Service on the defendants was completed on January 17, 2008. Defendants failed to plead or otherwise defend or appear, and pursuant to plaintiffs' request, the Clerk entered the defendants' default on March 4, 2008.

### B. THE COURT IS AUTHORIZED TO ENTER DEFAULT JUDGMENT.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of judgment by default. This action was filed on January 3, 2008. Service on the defendants was completed, no

---

[1] A joint check from Roebbelen Contracting, Inc. in the amount of $15,491.18 was recently received, in partial payment of May, 2008 hours. Once the check clears the bank, this amount will be credited to Defendants' account.

3

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C08-0034 MMC**
P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Notice of Motion Default Judgment 081808.doc

response was filed and default was entered on March 4, 2008. Plaintiffs are therefore entitled to a default judgment in their favor and request that the Court now enter default judgment against the defendants in this action.

All defendants were properly served with plaintiffs' Request to Enter Default and Notice of Request for Default Judgment, and have made no appearance in this matter.  The defendants are not infants or incompetent persons.  (See *Declaration of Michele R. Stafford* filed herewith.) Accordingly, there exists no obstacle to the granting of plaintiffs' motion.

### C.  INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS SHALL BE AWARDED TO PLAINTIFFS.

ERISA Section 515 (29 U.S.C. § 1145) states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions <u>in accordance with the terms and conditions of such plan or such agreement.</u>  (<u>Emphasis added</u>).

At the time of the January 3, 2008 filing of this action, Defendants had failed to pay contributions due as reported for the months of October and November, 2007. Although partial payment was made, there remained a balance due.  Subsequently,  Defendants made only partial payments of contributions for the months of December, 2007 and April, 2008 and failed to pay anything for the month of May, 2008.

In addition to the aforementioned delinquencies, an audit of Defendants records was performed for the period from January 1, 2004 through December 31, 2007.  The audit found that Defendants had both underreported and failed to report hours worked by Defendants' employees during that time frame. The total amount found due on the audit is $109,772.88, which includes liquated damages, interest and audit fees.

None of the contributions due as set forth above have been paid nor has payment of liquidated damages and interest accrued for those unpaid contributions been made.

//

//

//

4

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C08-0034 MMC**

Interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys fees, and costs in an action for collection of contributions are authorized by ERISA Section 502(g), 29 U.S.C. 1132(g), which states:

> (g)(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (B)  interest on the unpaid contributions
>
> (C)  an amount equal to the greater of
>
> (i) interest on the unpaid contributions,
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],
>
> (D)  reasonable attorneys fees and costs of the action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

The plaintiffs' action is based on the statutory duty provided by ERISA for payment of contributions provided by the terms of a valid Collective Bargaining Agreement to which defendant is signatory. Defendants' failure to comply with the terms of that Agreement by failing to pay contributions as revealed above was the cause of this litigation, at great expense to plaintiffs in administration, attorney's fees, and costs, and plaintiffs therefore request that default judgment be entered in their favor. Upon entry of judgment in favor of plaintiffs, interest, liquidated damages, attorneys fees, and costs must be awarded pursuant to ERISA Section 502(g)(2)(B)(C) and (D).

### D.  STATUTORY AWARD OF LIQUIDATED DAMAGES, INTEREST, AND ATTORNEYS FEES IS MANDATORY.

To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions exist at the time the lawsuit was filed. *Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212 (9th Cir. 1989).* In this case, contributions as reported and as ascertained by the audit were unpaid when this action was filed, and remain

1 unpaid to date, along with the liquidated damages and interest incurred by all of those
2 delinquencies as provided above by ERISA Section 502(g), 29 U.S.C. 1132(g).
3       In *Local 81 v. Wedge Roofing*, 15 EBC 2470 (ND Cal. 1991), the court further specified
4 that liquidated damages shall be awarded where further unpaid contributions become delinquent
5 after the filing of the lawsuit. Plaintiffs make this claim on all subsequent contributions.
6       Under ERISA Section 502(g), 29 U.S.C. 1132(g), liquidated damages, interest, and
7 reasonable attorneys fees and costs of this action must be awarded where, as here, suit was filed to
8 collect unpaid contributions. Pursuant to the terms of the Trust Agreement, Defendants are liable
9 for audit fees as well.
10       Plaintiffs therefore request that Judgment be entered in their favor and against Terrence
11 Wayne Wimmer, individually and dba Wimmer Excavating aka Wimmer General Engineering aka
12 Wimmer Inc.

13 Dated: August 19, 2008                  Respectfully submitted,

                                       SALTZMAN & JOHNSON
                                       LAW CORPORATION

                                       By: _____/s/_____
                                             Michele R. Stafford
                                             Attorneys for Plaintiffs

6

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C08-0034 MMC**
P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Notice of Motion Default Judgment 081808.doc

## PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On August 19, 2008, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

| | |
|---|---|
| **Wimmer Excavating**<br>**dba Wimmer General Engineering**<br>**dba Wimmer, Inc.**<br>**419 Mason Street, Suite 207**<br>**Vacaville, California 95688** | **Terrence Wayne Wimmer**<br>**419 Mason Street, Suite 207**<br>**Vacaville, California 95688**<br><br>**Terrence W. Wimmer**<br>**Agent for Service of Process**<br>**Wimmer, Inc.**<br>**419 Mason Street, Suite 207**<br>**Vacaville, California 95688** |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 19th day of August, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

1

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT
CASE NO.: C08-0034 MMC**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Notice of Motion Default Judgment 081808.doc