Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery St., Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br> v. <br><br> TERRENCE WAYNE WIMMER, individually and dba WIMMER EXCAVATING aka WIMMER GENERAL ENGINEERING aka WIMMER, INC. <br><br> Defendants. | Case No.: C08-0034 MMC <br><br> **DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** <br><br> Date:      September 24, 2008 <br> Time:      2:30 p.m. <br> Location:  450 Golden Gate Avenue <br>            San Francisco, CA 94102 <br> Ctrm:      7, 19th Floor <br> Judge:     The Honorable Maxine M. Chesney |

I, Wayne E. McBride, declare as follows:

1.      I am the Collections Manager of the Operating Engineers Local Union No. 3 Trust Funds, plaintiffs in the above-captioned matter. I have held this position since January 1995. As Collections Manager, I oversee payment of employer contributions pursuant to the Collective Bargaining Agreements and Trust Agreements, and initiate negotiations and collection actions on delinquent accounts.  My duties also include reviewing internal accounting reports regarding delinquent contributions owed by employers under Collective Bargaining Agreements. In the course of my duties as Collections Manager, I became familiar with the accounts of defendants

1
**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C08-0034 MMC**

TERRENCE WAYNE WIMMER, individually and dba WIMMER EXCAVATING aka WIMMER GENERAL ENGINEERING aka WIMMER, INC. ("Wimmer"). I therefore have personal knowledge of the matters stated herein and could competently testify to them if called upon to do so at trial.

2. WIMMER EXCAVATING became signatory to the Independent Northern California Construction Agreement, the "Collective Bargaining Agreement," on June 25, 1999. The Independent Agreement incorporates the Master Agreement as if fully set forth therein. The Collective Bargaining Agreement has not been terminated by either party to the Agreement. Attached hereto as *Exhibit A* is a true and correct copy of the Independent Northern California Construction Agreement executed by the parties.

3. Section 12 of the Collective Bargaining Agreement provides that the principal shareholder of a corporation, here TERRENCE WAYNE WIMMER, is personally liable for the payment of contributions due under the Agreement.

Paragraph 12 of the agreement states: *If the individual employer is a corporation, its principal shareholder(s) personally guarantee all payment of wages and fringe benefits, including fringe benefit contributions, liquidated damages, interest and collection costs, including, but not limited to attorney's fees and/or auditor/accountant fees.*

4. The Contractors License for WIMMER GENERAL ENGINEERING is active with an expiration date of August 31, 2009. The Contractor's License for WIMMER, INC. is also active with an expiration date of January 31, 2010. Attached hereto as *Exhibit B* and incorporated herein by reference are true and correct copies of business information from the California State Licensing Board website showing the status of the licenses.

5. The Collective Bargaining Agreement between WIMMER and the Operating Engineers Local Union No. 3 incorporates the Master Agreement by reference. The Master Agreement, Section 04.04.08, provides that an employer must pay any monies found due upon audit, plus auditor's fees, attorney's fees and costs. Attached hereto as *Exhibit C* and incorporated herein by reference is a true and correct copy of this Section.

2

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C08-0034 MMC**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC  Declaration of W. McBride 081808.doc

6. The Master Agreement, Section 03.02.00, provides that an employer must provide his records to an auditor upon written request. Attached hereto as *Exhibit D* and incorporated herein by reference is a true and correct copy of this Section.

7. The Collective Bargaining Agreement requires signatory employers to make timely contributions into the Trust Funds at a specified rate for each hour worked by, or paid by, all employees performing work covered under the Master Agreement. It also requires employers to report the number of covered hours worked by, or paid to, each of their employees performing covered work by submitting Employer Reports of Contributions, along with the amounts owed pursuant to the Reports, to the Trust Funds. The Master Agreement, Sections 12.13.01 through 12.13.03, provide that liquidated damages are calculated at $35.00 or 15% of the amount due for contributions, whichever is greater. The liquidated damages are calculated on a fund by fund basis, and in some cases are only $35.00. Accordingly, in some instances, the liquidated damages total may appear to be less or more than 15% of the total contributions.

Interest is calculated at 12% per annum on the <u>combined</u> total of contributions and liquidated damages, from the 26th day of each month in which no contributions were received or timely postmarked by the 25th until payment is received. Interest at an annual rate of twelve percent (12%) of the contributions until such amount is paid is assessed on delinquent contributions. Attached here to as *Exhibit E* and incorporated herein by reference is a true and correct copy of these Sections.

8. The Trust Agreements governing the Operating Trust Funds provide for an audit of the books and records of signatory employers so that the Trust Funds may determine if the employer is making full and prompt payment of required contributions.

//
//
//
//
//
//

3

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C08-0034 MMC**

Article IV, Section 6, of the Trust Agreement for the Pension Trust Fund For Operating Engineers, which is representative of the language of the Agreements for the other Operating Engineers Trust Fund named in this proceeding, provides: that the Trust Funds or its representative can:

> … enter upon the premises of such employer during business hours, at all reasonable time or times, and to examine and copy such books, records, papers or reports of such Contributing Employer as may be necessary to determine whether such Contributing Employer is making full and prompt payment of all sums required to be paid by him or it to this Fund.

A true and accurate copy of the relevant excerpts of the Trust Agreement for the Pension Trust Fund For Operating Engineers is attached hereto as *Exhibit F*.

9. A question arose concerning the lack of compliance by WIMMER with the provisions of both the Trust Agreement and the Master Agreement requiring the prompt and correct reporting and payment of all reports and contributions required to be made to the Trust Funds. An audit was required to determine if all reports and contributions have in fact been made.

10. An audit was performed in or about June, 2008, for the period from January 1, 2004 through December 31, 2007 and revealed $109,772.88 due and owing to plaintiffs. This audit is discussed in detail in the Declaration of Theresa L. Bradley filed herewith.

11. On or about December 3, 2007, I referred the matter to counsel to demand payment of the amounts already due based on Defendant's reports, and any additional unpaid contributions due for the period from January 1, 2004 through December 31, 2007.

12. Attached hereto as *Exhibit G-1* is a true and correct copy of a spreadsheet generated by my office on or about August 7, 2008. This spreadsheet shows the contributions due, as reported by WIMMER through the month of May, 2008. WIMMER has failed to remit any contribution report for the month of June, 2008. July will come due prior to the hearing on this Motion.

In the absence of contribution reports, the Trust Funds' policy and procedure is to average the contributions reported for the prior three months. In March, 2008, WIMMER reported $7,095.78; in April WIMMER reported $21,486.94 and in May, WIMMER reported $20,379.16. Taking the average of these three months, I have estimated the amount due for the month of June

4

1  (and will add July to this Motion once it comes due, if unpaid) as $16,320.63.  In the event that a
2  report is provided, this amount will be amended.
3        Attached as *Exhibit G-2* which shows the liquidated damages and interest owed by
4  defendants for the unpaid or late paid months.  As with the contributions for the month of June,
5  2008, I have estimated the liquidated damages for this month as the same as those owed for May,
6  2008, which is $2,566.12. The spreadsheet reflects amounts that were reported and unpaid by
7  WIMMER, as opposed to those amounts found due on audit, which were unreported.  These
8  amounts are set forth separately in the audit.  *None of the above amounts have been paid*.
9        13.    The Trust Funds have incurred attorneys' fees and costs that are detailed in the
10 accompanying *Declaration of Michele R. Stafford*, filed herewith, in support of this Motion for
11 Entry of Default Judgment.
12       Section 12.13.02 of the Collective Bargaining Agreement provides for the recovery of
13 attorneys' fees and costs in an action to recover a delinquent balance due. A true and accurate
14 copy of that Section is attached hereto as *Exhibit H*.
15       14.    The total currently due from WIMMER is as follows:

|  |  |
|---|---|
| Contributions: | $90,567.40 |
| Liquidated Damages: | $44,677.28 |
| Interest: | $11,854.80 |
| **TOTAL:** | **$147,099.48** |

20       This amount <u>does not include</u> any amounts found due on the audit (*see Declaration of
21 Theresa Bradley filed herewith*) or on the attorneys' fees and costs. (*See Declaration of Michele R
22 Stafford filed herewith*).  This amount <u>also does not include</u> a credit for a recent joint check
23 received from Roebbelen Contracting, Inc., in partial payment of WIMMER's May, 2008 hours.
24 The check is in the amount of $15,491.18. Once the check clears the bank, this amount will be
25 credited to WIMMER's account and this Declaration and / or the Proposed Judgment will be
26 amended.
27 //
28 //

5

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C08-0034 MMC**

1  I declare under penalty of perjury that the foregoing is true and correct and that if called
2  upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.
3  Executed this 19th day of August, 2008, at Sacramento, California.

4

5  _____/s/_____
   Wayne E. McBride

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On August 19, 2008, I served the following document(s):

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

| | |
|---|---|
| **Wimmer Excavating** | **Terrence Wayne Wimmer** |
| **dba Wimmer General Engineering** | **419 Mason Street, Suite 207** |
| **dba Wimmer, Inc.** | **Vacaville, California 94588** |
| **419 Mason Street, Suite 207** | |
| **Vacaville, California 94588** | **Terrence W. Wimmer** |
| | **Agent for Service of Process** |
| | **Wimmer, Inc.** |
| | **419 Mason Street, Suite 207** |
| | **Vacaville, California 94588** |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 19th day of August, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

1

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT
CASE NO.: C08-0034 MMC**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Declaration of W. McBride 081808.doc