Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TERRENCE WAYNE WIMMER, individually and dba WIMMER EXCAVATING aka WIMMER GENERAL ENGINEERING aka WIMMER, INC.<br><br>Defendants. | Case No.: C08-0034 MMC<br><br>**DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Date:       September 24, 2008<br>Time:      2:30 p.m.<br>Location:  450 Golden Gate Avenue<br>              San Francisco, CA 94102<br>Ctrm:      7, 19th Floor<br>Judge:     The Honorable Maxine M. Chesney |

I, Michele R. Stafford, declare:

1.     I am an attorney at law licensed to practice in the State of California, and am an associate of Saltzman and Johnson Law Corporation, attorneys for plaintiffs herein.

2.     Plaintiffs are employee benefit plans and their Trustees, whose Trust Agreements are incorporated into the Independent Northern California Construction Agreement, (the "Collective Bargaining Agreement") of the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (hereinafter "Union").  As set forth more fully below, defendants are signatory to this Collective Bargaining Agreement.

3. Wimmer Excavation is not an individual and therefore is not an infant, incompetent person, or in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. I have personally received communications from Terrence Wayne Wimmer by telephone and email. Finally, my client has had contact with him as well. He is not an infant, incompetent person, or in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

4. Plaintiff Trust Funds are funds organized under and pursuant to the provisions of Section 302(c)(5), 302(c)(6) and 302(c)(9) of the Labor Management Relations Act of 1947, as amended. 29 U.S.C. 186(c)(50, 186(c)(6) and 186(c)(9). The principal offices of the Trust Funds are in the City and County of Alameda, State of California.

5. Attached hereto as *Exhibit A* of the *Declaration of Wayne McBride* filed herewith and incorporated herein by this reference is a true and correct copy of the Independent Northern California Construction Agreement to which defendants are signatory and which includes the periods at issue in this action for which unpaid contributions are due and owing. (See *Exhibit A* of the *Declaration of Wayne McBride* which is a true copy of defendants' signature page). Paragraphs 2 to 7 of *Exhibit A* explain the terms by which contributions are to be made by signatory employers.

Of significance in the Agreement is the provision (paragraph 12) of the agreement that states: *If the individual employer is a corporation, its principal shareholder(s) personally guarantee all payment of wages and fringe benefits, including fringe benefit contributions, liquidated damages, interest and collection costs, including, but not limited to attorney's fees and/or auditor/accountant fees.*

Based on this provision, Terrence Wayne Wimmer, is personally liable for all amounts outlined in the pending Motion.

6. Attorneys fees totaling $9,064.00, and costs totaling $838.73, were incurred from December 3, 2008 through August 18, 2008 for conferences and correspondence with clients and plaintiffs' administrator; for filing and service of the Complaint in this matter; various telephone calls and correspondence with Terrence Wayne Wimmer in an attempt to resolve this matter, for

-2-
**DECLARATION OF M. STAFFORD IN SUPPORT**
**Case No.: C08-0034 MMC**

1  preparation of the Request for Default; and for preparation of this Motion for Default Judgment,
2  supporting declarations and proposed judgment.

3  I personally have spent 19.0 hours from December 3, 2008 through June 30, 2008, when
4  my time was billed at the rate of $180.00 per hour; and 11.1 hours from July 1, 2008 through
5  August 18, 2008, when my time was billed at the rate of $185.00 per hour, in connection herewith.
6  My attorneys' fees were reasonably incurred in the total amount of $5,473.50.

7  I am informed and believe that Muriel B. Kaplan, a shareholder of this firm, spent 10.3
8  hours from December 3, 2008 through June 30, 2008, when her time was billed at the rate of
9  $185.00 per hour; and .50 hours from July 1, 2008 through August 18, 2008, when her time was
10 billed at the rate of $195.00 per hour, in connection with the above stated activities regarding this
11 matter.  The attorneys' fees reasonably incurred by Ms. Kaplan therefore total $2,003.00.

12 I am informed and believe that Vanessa de Fábrega, a paralegal in this firm, spent 9.6
13 hours from December 3, 2008 through June 30, 2008, when her time was billed at the rate of
14 $105.00 per hour; and 4.6 hours from July 1, 2008 through August 18, 2008, when her time was
15 billed at the rate of $110.00 per hour, in connection with the above stated activities regarding this
16 matter. The attorneys' fees reasonably incurred by Ms. de Fábrega therefore total $1,514.00.

17 I am informed and believe that Andrea Gonzalez, a former paralegal in this firm, spent .30
18 hours from December 3, 2007 through February 29, 2008, when her time was billed at the rate of
19 $105.00 per hour, in connection with the above stated activities regarding this matter. The
20 attorneys' fees reasonably incurred by Ms. Gonzalez therefore total $31.50.

21 I am informed and believe that Diana Sage, a former paralegal in this firm, spent .40 hours
22 on April 22, 2008, when her time was billed at the rate of $105.00 per hour, in connection with the
23 above stated activities regarding this matter. The attorneys' fees reasonably incurred by Ms. Sage
24 therefore total $42.00.

25 Attorneys fees totaling $9,064.00, and costs totaling $838.73, were reasonably incurred by
26 plaintiffs through August 18, 2008.

27     7.     The default of defendants was entered on March 4, 2008.
28     8.     The total amount claimed by plaintiffs in this matter is as follows:

-3-
**DECLARATION OF M. STAFFORD IN SUPPORT**
**Case No.: C08-0034 MMC**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Declaration of M. Stafford 101507.doc

| **Contributions** | | |
|---|---:|---:|
| October 2007 remainder due | $9,352.27 | |
| November 2007 remainder due | $29,431.02 | |
| December 2007 remainder due | $16,720.96 | |
| April 2008 remainder due | $14,683.99 | |
| May 2008 contributions | $20,379.16 | |
|  |  | $90,567.40 |
| 15% **Liquidated damages** on late paid, underpaid and unpaid contributions |  | $44,677.28 |
| 12% **Interest** on late paid, underpaid and unpaid contributions |  | $9,619.71 |
| **TOTAL (DELINQUENT CONTRIBUTIONS)** |  | **$144,864.39** |
|  |  |  |
| Contributions found due on audit | $76,594.64 |  |
| 15% Liquidated damages on contributions found due on audit | $13,181.79 |  |
| 12% Interest on contributions found due on audit | $12,775.27 |  |
| Audit Fees and Costs | $7,221.18 |  |
| **TOTAL (AUDIT)** |  | **$109,772.88** |
|  |  |  |
| Attorneys Fees (through 8/18/08) |  | **$9,064.00** |
| Costs |  | **$838.73** |
| **TOTAL** |  | **$264,540.00 plus 12% p/a interest** |

The above amounts are discussed and verified in this Declaration, as well as the Declarations of Wayne McBride, and Theresa Bradley, filed herewith.

I declare under penalty of perjury that the foregoing is true of my own knowledge and if called upon I could competently testify thereto.

Executed this 19th day of August, 2008, at San Francisco, California.


_____/s/_____
Michele R. Stafford

-4-
**DECLARATION OF M. STAFFORD IN SUPPORT**
**Case No.: C08-0034 MMC**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Declaration of M. Stafford 101507.doc

<u>PROOF OF SERVICE</u>

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On August 19, 2008, I served the following document(s):

**DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

| | |
|---|---|
| **Wimmer Excavating**<br>**dba Wimmer General Engineering**<br>**dba Wimmer, Inc.**<br>**419 Mason Street, Suite 207**<br>**Vacaville, California 94588** | **Terrence Wayne Wimmer**<br>**419 Mason Street, Suite 207**<br>**Vacaville, California 94588**<br><br>**Terrence W. Wimmer**<br>**Agent for Service of Process**<br>**Wimmer, Inc.**<br>**419 Mason Street, Suite 207**<br>**Vacaville, California 94588** |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 19th day of August, 2008, at San Francisco, California.

_____/s/_____
Vanessa de Fábrega

-1-
**DECLARATION OF M. STAFFORD IN SUPPORT**
**Case No.: C08-0034 MMC**

P:\CLIENTS\OE3CL\Wimmer Excavating\Pleadings\Motion for Default Judgment\C08-0034 MMC Declaration of M. Stafford 101507.doc