IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., | No. C-08-0034 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| TERRENCE WAYNE WIMMER, et al., | |
| Defendants / | |

Before the Court is plaintiffs' Motion for Default Judgment, filed August 19, 2008, which motion plaintiffs, with leave of Court, supplemented on September 24, 2008 and September 25, 2008. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court rules as follows.

**A. Contributions**

To the extent the motion seeks an award of $96,162.46 for contributions due, (see McBride Decl. Ex. G-1; Second Supp. Stafford Decl. Ex. A), the motion is, for the reasons stated by plaintiffs, hereby GRANTED.

**B. Liquidated Damages**

To the extent the motion seeks an award of $45,630.37 for liquidated damages, the motion, as set forth below, is hereby GRANTED in part and DENIED in part.

//

Upon entry of default, the factual allegations in the complaint are deemed admitted. See TeleVideo Systems, Inc. v. Heidenthal, 826 F. 2d 915, 917-18 (9th Cir. 1987). Here, plaintiffs allege defendants have failed to pay contributions corresponding to "work performed" in June 2007 and thereafter, and that defendants have failed to pay liquidated damages "owed for this period." (See Compl. ¶ 13.) Defendants' default having been entered by the Clerk on March 4, 2008, defendants have admitted they owe plaintiffs liquidated damages corresponding to work performed in June 2007 and thereafter. Plaintiffs have offered evidence sufficient to establish liquidated damages corresponding to work performed as of June 2007 and thereafter in the amount of $36,134.17. (See McBride Decl. Ex G-2; Second Supp. Stafford Decl. Ex. B.)

As noted, however, plaintiffs seek an award of liquidated damages in the total amount of $45,630.37. Because such total amount exceeds, by $9,496.20, the amount of liquidated damages corresponding to work performed beginning June 2007, the Court, by order filed September 15, 2008, afforded plaintiffs an opportunity to file a supplemental memorandum to explain why plaintiffs are entitled to such additional sum. In their supplemental memorandum, plaintiffs assert that because the prayer for relief in the complaint does not contain a limitation as to dates, plaintiffs are entitled to receive liquidated damages corresponding to work performed prior to June 2007. The complaint, however, does not include an allegation that defendants owe liquidated damages for any period prior to June 2007, and, consequently, defendants have not admitted owing liquidated damages for any period prior to June 2007.[1]

Accordingly, plaintiffs will be awarded liquidated damages in the amount of $36,134.17.

//

---

[1] Further, the only evidence offered by plaintiffs pertaining to liquidated damages for the period prior to June 2007 is that defendants owe $1,120.02 in liquidated damages corresponding to work performed in 1999; (see McBride Decl. Ex. G-2 at first unnumbered page); plaintiffs have offered no evidence to support their assertion that defendants owe any additional amount of liquidated damages for the period prior to June 2007.

**C. Interest**

To the extent the motion seeks an award of $9,619.71 in prejudgment interest, the motion, as set forth below, is hereby GRANTED in part and DENIED in part.

The complaint alleges that defendants have failed to pay contributions corresponding to work performed for the period beginning June 2007 and have failed to pay interest "owed for this period." (See Compl. ¶ 13.) Defendants' default having been entered, defendants have admitted they owe plaintiffs interest corresponding to work performed in June 2007 and thereafter. Plaintiffs have offered evidence sufficient to establish prejudgment interest corresponding to work performed in June 2007 and thereafter in the amount of $8,811.86. (See McBride Decl. Ex. G-2.)

As noted, however, plaintiffs seek an award of prejudgment interest in the total amount of $9,619.71. Because such total amount exceeds, by $807.85, the amount of prejudgment interest owed for the period beginning June 2007, the Court afforded plaintiffs an opportunity to file a supplemental memorandum to explain why plaintiffs are entitled to such additional sum. In their supplemental memorandum, plaintiffs assert that because the prayer for relief in the complaint does not contain a limitation as to dates, plaintiffs are entitled to receive prejudgment interest corresponding to work performed prior to June 2007. The complaint, however, does not include an allegation that defendants owe prejudgment interest for any period prior to June 2007, and, consequently, defendants have not admitted owing prejudgment interest for any period prior to June 2007.

Accordingly, plaintiffs will be awarded prejudgment interest in the amount $8,811.86.

**D. Audit Fees and Costs**

To the extent the motion seeks an award of $7,596.48 for fees and costs incurred by plaintiffs to conduct an audit of defendants' records, (see Supp. Stafford Decl. Ex. D), the Court finds such fees and costs are reasonable, and, accordingly, hereby GRANTS the motion. (See McBride Decl. Ex. E (Collective Bargaining Agreement § 12.13.02) (providing for payment of "reasonable" auditors' fees and audit expenses).)

**E. Amounts Due As Result of Audit Findings**

To the extent the motion seeks an award of $102,550.70 representing amounts found due to plaintiffs as a result of the June 2008 audit of defendants' records, (see Bradley Decl. Ex. A, first unnumbered page), the motion, for the reasons stated by plaintiffs, is hereby GRANTED.

**F. Attorney's Fees and Costs**

To the extent the motion seeks an award of $9,064.00 in attorney's fees and $838.73 in costs incurred by plaintiffs to file and prosecute the instant action, (see Stafford Decl. ¶ 6; Supp. Stafford Decl. ¶ 6), the Court finds such fees and costs are reasonable, and, accordingly, hereby GRANTS the motion. (See McBride Decl. Ex. E (Collective Bargaining Agreement § 12.13.02) (providing for payment of "reasonable" attorney's fees and expenses incurred in connection with any civil action).)

**G. Post-Judgment Interest**

To the extent the motion seeks an award of post-judgment interest at a rate of twelve percent per annum, the motion is hereby GRANTED, for the reason the parties have contractually agreed to such rate of interest. (See id. (Collective Bargaining Agreement § 12.13.01) (providing employer shall pay interest at "rate of twelve percent (12%) per annum until [amounts owed] are paid")); see Central States, Southeast and Southwest Areas Pension Fund v. Bomar Nat'l, Inc., 253 F. 3d 1011, 1020 (7th Cir. 2001) (holding "[i]t is well established that parties can agree to [a post-judgment] interest rate other than the standard one contained in 28 U.S.C. § 1961").

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for default judgment is hereby GRANTED in part and DENIED in part, as follows:

1. Plaintiffs shall have judgment against defendants in the total amount of $261,158.40, such amount consisting of $96,162.46 (contributions), $36,134.17 (liquidated damages), $8,811.86 (prejudgment interest), $7,596.48 (audit fees and costs), $102,550.70 (amounts found due on audit), $9,064.00 (attorney's fees), and $838.73

(litigation costs).

    2. The judgment shall bear interest at the rate of twelve percent per annum.

    3. To the extent plaintiffs seek further relief, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 7, 2008

_____
MAXINE M. CHESNEY
United States District Judge